IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK ADAMS, AV SELECT INVESTMENTS, LLC, DR. GREGORY SIMONIAN, WADE HARTMAN, and FRANK EDWARD SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN H. KLEIN,<br><br>Defendant. | Civil Action No. 1:18-cv-01330-RGA |

**MEMORANDUM ORDER**

Presently before me are Plaintiff Mark Adams' Motion to Dismiss Counterclaims (D.I. 18) and Plaintiffs' Motion for Leave to File Amended Complaint and Join Additional Defendant (D.I. 41). The Parties have briefed the issues. (D.I. 19, 30, 36, 41, 50). For the reasons discussed below, I will grant-in-part and deny-in-part Plaintiff Adams' Motion to dismiss and I will grant Plaintiffs' motion to amend the complaint.

**I. BACKGROUND**

Cambridge Therapeutic Technologies ("CTT"), a Delaware corporation and successor to Cambridge Therapeutic Technologies NJ, was founded by Defendant John Klein. (D.I. 1 at ¶¶ 20-21, 34). Mr. Klein formed CTT in 2011 for the purpose of developing and commercializing "Compliance PACs," which are " calendarized dosing packs for individual combinations of generic prescription medications that are typically prescribed together." (*Id.* at ¶¶ 21-22). Mr. Klein served as CTT's CEO. (*Id.* at ¶ 19). In December 2017, CTT's board of managers, by written consent, terminated Mr. Klein's five-year employment agreement "for cause." (*Id.* at ¶

1

143; D.I. 9 at CC ¶¶ 62-63). The Board's specific rationale for its "for cause" determination was not mentioned in the written consent document. (D.I. 9 at CC ¶ 65). Mr. Klein was replaced as CEO by Plaintiff Adams. (D.I. 1 at ¶ 146).

The Complaint, filed on August 27, 2018, alleges claims related to allegations that Mr. Klein solicited investments from Plaintiffs in furtherance of "a fraudulent Ponzi scheme." (*Id.* at ¶ 1). In response, Mr. Klein filed an Answer responding to those claims and raised two counterclaims against Plaintiff Adams. (D.I. 9). Specifically, Mr. Klein alleges counts of abuse of process and tortious interferences against Mr. Adams. (*Id.* at CC ¶¶ 78-98).

## II. LEGAL STANDARD

### A. *Motion to Dismiss for Failure to State a Claim*

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

2

*B. Amendment*

Under Federal Rule of Civil Procedure 15(a)(2), Plaintiffs may amend their pleading with the court's leave. The "grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendment, however, is not automatic." *Szubielski v. Pierce*, 152 F. Supp. 3d 227, 232 (D. Del. 2016). Leave to amend may be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted." *Szubielski*, 152 F. Supp. 3d at 233.

## III. ANALYSIS

*A. Motion to Dismiss Counterclaims*

Plaintiff Adams moves to dismiss each of Mr. Klein's counterclaims for failure to state a claim. (D.I. 19 at 9-15). I will grant Mr. Adams' motion as to the abuse of process claim and deny his motion as to the tortious interference claims.

### 1. Abuse of Process Claim

Mr. Klein has failed to state a claim of abuse of process. "[T]he essential elements of the tort are: 1) an ulterior purpose; and 2) a wi[l]lful act in the use of the process not proper in the regular conduct of the proceedings." *Nix v. Sawyer*, 466 A.2d 407, 412 (Del. Super. Ct. 1983). "Some form of coercion to obtain collateral advantage, not properly involved in the proceeding itself, must be shown, such as obtaining the surrender of property or the payment of money by the use of the process as a threat or club. In other words, a form of extortion is required." *Korotki*

3

*v. Hiller & Arban, LLC*, 2016 WL 3637382, at *2 (Del. Super. Ct. July 1, 2016). An abuse of process claim can arise only by showing a "perversion" of the process itself. *Preferred Inv. Servs., Inc. v. T & H Bail Bonds, Inc.*, 2013 WL 3934992, at *23 (Del. Ch. July 24, 2013), *aff'd sub nom. Preferred Inv. Servs., Inc. v. T & H Bail Bond, Inc.*, 108 A.3d 1225 (Del. 2015). Settlement requests are not considered a perversion. Rather, they are "a practice both authorized and encouraged by the legal process." *Korotki*, 2016 WL 3637382, at *4.

Mr. Klein's counterclaim does not allege an improper willful act in the use of process. Rather, Mr. Klein's allegations amount only to acceptable settlement discussions. Mr. Klein alleges that Adams initially requested $1.8 million from Klein and his wife—more than three times the amount of Adams' initial investment of $581,250—to make the lawsuit "go away". (D.I. 9 at CC ¶¶ 73, 79, 84). Upon Mr. Klein's rejection, Mr. Adams' settlement ask was decreased to $1 million. (*Id.* at ¶ 75). Mr. Klein also alleges that Mr. Adams did not offer to seek release of claims by the other Plaintiffs. (*Id.* at ¶¶ 74, 86).

A large settlement request is not an improper use of process. The fact that the request was directed at both Mr. Klein and his wife does not transform the request into something improper. Negotiating to settle a suit only as to oneself, rather than all parties involved, is similarly not an improper use of process. Thus, I find that Mr. Klein has failed to state a claim for abuse of process. I will dismiss Count I of his counterclaims.

I will also deny Mr. Klein's request for leave to amend. (D.I. 30 at 20). A court may deny leave to amend if amendment would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The facts alleged so far cannot, even if pled with more specificity, support an abuse of process claim. Mr. Klein provides no substantive explanation of other facts that might support his claim. There is nothing in the counterclaims or briefing that

leads me to believe Mr. Klein can plead a plausible claim of abuse of process . Thus, based on Mr. Klein's lack of explanation, I find that amendment to the abuse of process claim will be futile.

### 2. Tortious Interference Claim

Mr. Klein has adequately pled a claim of tortious interference with his employment agreement. "To establish a claim for tortious interference under Delaware law, a plaintiff must show that there was: (1) a contract; (2) about which defendants knew; and (3) an intentional and improper act that is a significant factor in causing the breach of such contract (4) without justification (5) which causes injury." *Yu v. GSM Nation, LLC*, 2018 WL 2272708, at *15 (Del. Super. Ct. Apr. 24, 2018). When the defendant is not a stranger to the contract, he is considered an "affiliate." *See id.* In such cases, "the plaintiff must adequately plead that the affiliate was not pursuing legitimate profit-seeking activities of the affiliated enterprise in good faith, or was motivated by some malicious or other bad faith purpose to injure the plaintiff." *Id.* (quotation omitted).

Mr. Klein has pled sufficient facts to support a plausible claim of tortious interference. There is no dispute that there was an employment contract between CTT and Mr. Klein about which Mr. Adams knew. Mr. Klein alleges that Mr. Adams caused a breach of Mr. Klein's employment contract for the improper, bad faith, purpose of gaining control of CTT and extracting a financial benefit. (D.I. 9 at CC ¶¶ 68, 94). He further alleges that the board's written consent provides no specific basis for Mr. Klein's removal. (*Id.* at ¶ 67). Taking all reasonable inferences in favor of Mr. Klein, the non-moving party, I find that these allegations are sufficient to state a claim. The written consent terminating Mr. Klein does not specify the cause. Thus, it is reasonable to infer that his removal may have been without justification. It is

5

also plausible, given the series of events leading up to Mr. Klein's termination, that Mr. Adams actions were taken in a bad faith attempt to gain power. Thus, I will no dismiss Mr. Klein's tortious interference claim.

### B. Motion to Amend Complaint and Join Additional Defendant

Plaintiffs move to amend the complaint and to join CTT as a defendant in this case. (D.I. 41 at 1). Defendant Klein objects (1) that the amendment is futile as it fails to state a claim, (2) that the amendment is motivated by bad faith, and (3) that the amended was unduly delayed and unfairly prejudices Mr. Klein. (D.I. 50). I consider each objection in turn.

Defendant's futility argument is better decided on a motion to dismiss. Defendant argues that Plaintiffs' theory of liability as to CTT is infirm under Delaware law. (*Id.* at 5-9). He also argues that, regardless of the theory, Plaintiffs have not pled the necessary elements of veil piercing. (*Id.* at 9-11). Plaintiffs do not respond to Defendant's argument. Despite Plaintiffs' lack of response, I think that resolution of whether Plaintiffs state a claim against CTT is better left until CTT, the interested party, has had a chance to respond. I expect that the briefing between Plaintiffs and CTT on a motion to dismiss would be more thorough and better assist me in resolving this issue. If an action against CTT is in fact futile, CTT should have little difficulty prevailing on a motion to dismiss. Thus, I will not deny Plaintiffs' motion on this basis.

Defendant's bad faith arguments are novel, but do not support denying Plaintiffs the opportunity to amend the complaint. Defendant notes that the Proposed Amended Complaint alleges that Mr. Klein and CTT are alter egos while, in a Delaware court case *CTT v. Klein*, the pleadings reflect that Mr. Adams as CEO currently has control over CTT. (*Id.* at 12-13). He argues that the fact that CTT was able to sue Klein is a concession that Klein and CTT are not the same. (*Id.*). Mr. Klein also notes his view that Mr. Adams is breaching his fiduciary duty to CTT and its members by moving to add CTT as a defendant in this case. (*Id.* at 13-15).

6

The difficulties of litigating corporate issues in situations with only a small number of shareholders are clear in this case. Mr. Adams is apparently trying to recover his investment in CTT from Mr. Klein while simultaneously trying to recover CTT's allegedly misappropriated assets from Mr. Klein on behalf of the shareholders. I do not see bad faith in Mr. Adams' actions trying to pursue both causes of action. I will not deny Plaintiffs' motion to amend on the basis of bad faith.

Defendant's final argument is that Plaintiffs' unduly delayed moving to amend the complaint. (*Id.* at 15-16). He argues, without explanation, that amendment will prejudice him. I do not find Mr. Klein's arguments persuasive. Plaintiffs' motion to amend falls within the deadline ordered by the Court. (D.I. 38). Accordingly, there was no undue delay in bringing this motion. And, in any event, there is no articulated harm to Defendant from such delay. Thus, I will not deny Plaintiffs' motion on grounds of undue delay or unfair prejudice.

## IV. CONCLUSION

Plaintiff Mark Adams' Motion to Dismiss Counterclaims (D.I. 18) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendant Klein's abuse of process counterclaim is dismissed. Plaintiffs' Motion for Leave to File Amended Complaint and Join Additional Defendant (D.I. 41) is **GRANTED**.

IT IS SO ORDERED this 30 day of August 2019.

United States District Judge

7