**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MARK ADAMS, AV SELECT INVESTMENTS, LLC, DR. GREGORY SIMONIAN, WADE HARTMAN, and FRANK EDWARD SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN H. KLEIN, <br><br> Defendant. | CIVIL ACTION NO. 18-01330-RGA |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant John H. Klein ("Klein") hereby answers the First Amended Complaint (the "Amended Complaint") of Plaintiffs Mark Adams, AV Select Investments, LLC, Dr. Gregory Simonian, Wade Hartman, and Frank Edward Smith (collectively "Plaintiffs"), and states as follows:

1.     Klein denies the allegations contained in Paragraph 1 of the Amended Complaint.  To the extent the allegations in Paragraph 1 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

2.     In response to the allegations contained in Paragraph 2 of the Amended Complaint, Klein denies that he "solicited" Plaintiffs' investments.  Further, Klein states that he understood, at the time of the $450,000 investment in January of 2015, that the investor was Dr. Robert Ashton ("Dr. Ashton"), and that he later learned of AV Select Investments, LLC ("AV

Select") in approximately September of 2016.[1]  Klein admits the balance of the allegations in Paragraph 2 of the Amended Complaint to the extent they are directed at Klein.  To the extent the allegations in Paragraph 2 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

3.      In response to the allegations in Paragraph 3 of the Amended Complaint, Klein admits the allegations to the extent they are directed at Klein, except denies that he pursued Plaintiffs or their investments.  To the extent the allegations in Paragraph 3 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

4.      Klein denies the allegations contained in Paragraph 4 of the Amended Complaint except admits that, prior to Plaintiffs' investments, he spoke with each Plaintiff by telephone, email, and text message and in person, and that Plaintiffs were provided, at their request, with information concerning Cambridge Therapeutic Technologies' ("CTT") business and potential future earnings, assuming the marketing of CTT's anticipated full formulary.  To the extent the allegations in Paragraph 4 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

5.      In response to the allegations contained in Paragraph 5 of the Amended Complaint, Klein denies that he made material misrepresentations or omitted critical facts.  As to the remaining allegations in Paragraph 5 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.  To the extent the allegations in Paragraph

---

[1]  To the extent, going forward, that Klein responds to allegations concerning Plaintiffs collectively and about events before September 2016, Klein's answers refer to Dr. Ashton individually in the place of AV Select.

48042/0003-17810374v4

5 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

6.      Klein denies the allegations contained in Paragraph 6 of the Amended Complaint.  To the extent the allegations in Paragraph 6 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

7.      In response to the allegations contained in Paragraph 7 of the Amended Complaint, Klein admits that Mark Adams ("Adams") was CTT's Executive Vice President of Sales and Marketing and that Adams later became a member of CTT's Board of Managers and CTT's acting Chief Executive Officer.  As to the remaining allegations in Paragraph 7 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

8.      Klein denies the allegations contained in Paragraph 8 of the Amended Complaint.  To the extent the allegations in Paragraph 8 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

9.      Klein denies the allegations contained in Paragraph 9 of the Amended Complaint.  To the extent the allegations in Paragraph 9 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

10.      In response to the allegations contained in Paragraph 10 of the Amended Complaint, Klein admits that Plaintiffs have not yet received individual K-1 or CTT's tax returns for 2016 or 2017 because they have not been completed and that Adams, as acting Chief Executive Officer, is responsible for arranging for their preparation and dissemination to Plaintiffs.  Klein states that CTT's financial statements were approved by the Board of

48042/0003-17810374v4

Managers, including Adams, and were accessible to Adams and Dr. Ashton, as CTT employees, and to Dr. Gregory Simonian ("Dr. Simonian"), as a consultant.  Klein also states that Plaintiffs will receive CTT's financial statements along with the K-1s and tax returns when the same are complete.  Klein further admits that, in connection with an investment by Monica and Robert Breslow (the "Breslows"), CTT, a New Jersey limited liability company, was merged into a Delaware limited liability company also called Cambridge Therapeutic Technologies, which has become the active CTT entity.  The allegation in Paragraph 10 of the Amended Complaint that "CTT-DE is the successor-in-interest to CTT-NJ" is a legal conclusion to which no response is required.  Klein denies the remaining allegations of Paragraph 10 of the Amended Complaint. To the extent the allegations in Paragraph 10 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

11.     Klein denies the allegations contained in Paragraph 11 of the Amended Complaint, except admits that CTT completed the development of its first commercialized product in June of 2016.

12.     Klein denies the allegations contained in Paragraph 12 of the Amended Complaint except admits that Plaintiffs have not yet received profits or tax losses in connection with their investments in CTT.

13.     The allegations contained in Paragraph 13 of the Amended Complaint identify the nature of Plaintiffs' claims, and, therefore, no response thereto is required.

14.     In response to the allegations contained in Paragraph 14 of the Amended Complaint, Klein admits that Adams is an investor in and the CEO of CTT and that Adams was formerly a member of CTT's Board of Managers.  Klein denies that he wrongfully terminated Adams from CTT's Board of Managers.  As to the remaining allegations contained in Paragraph

48042/0003-17810374v4

14, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

15.     In response to the allegations contained in Paragraph 15 of the Amended Complaint, Klein admits that AV Select is an investor in CTT but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

16.     In response to the allegations contained in Paragraph 16 of the Amended Complaint, Klein admits that Dr. Simonian is an investor in and a consultant for CTT but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

17.     In response to the allegations contained in Paragraph 17 of the Amended Complaint, Klein admits that Wade Hartman ("Hartman") is an investor in CTT and that Hartman is the President of Keystone Folding Box Co. ("Keystone"), which manufactured proprietary compliance packs for CTT.  As to the remaining allegations contained in Paragraph 17 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

18.     In response to the allegations contained in Paragraph 18 of the Amended Complaint, Klein admits that Frank Edward Smith ("Smith") is an investor in CTT and is the Director of Marketing & Business Development for Keystone.  As to the remaining allegations contained in Paragraph 18 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

5

19.     Klein admits the allegations contained in Paragraph 19 of the Amended Complaint but denies that he was terminated as CEO of CTT "for cause."

20.     In response to the allegations contained in Paragraph 20 of the Amended Complaint Klein admits that CTT-DE is a Delaware limited liability company that was formed on or about May 4, 2011, that CTT-DE previously operated out of an office located at Glenpointe Center West, 500 Frank W. Burr Blvd., 4th Floor, Teaneck, New Jersey 07666, that at all times Klein has been CTT-DE's majority owner, that Klein has a seat on CTT-DE's Board of Managers, and that Klein has the authority, under CTT-DE's operating agreement, to appoint a second manager (of three) on CTT-DE's Board of Managers. Klein further admits that he was terminated as CTT-DE's CEO, but denies that the termination was "for cause." Klein admits that he terminated Adams' appointment as Klein's designee on CTT-DE's Board of Managers but denies that Adams' termination was improper. Klein admits that he replaced Adams on the Board of Managers with John Palmer ("Palmer"), his current designee, but denies that Palmer is a "yes-man" or that Palmer has "abdicated his fiduciary duties to the company in order to protect Klein." The remaining allegations in Paragraph 20 of the Amended Complaint state legal conclusions to which no response is required. To the extent any remaining allegations are deemed to require an affirmative response, they are denied.

21.     Paragraph 21 of the Amended Complaint contains no content and, therefore, does not require a response.

22.     In response to the allegations contained in Paragraph 22 of the Amended Complaint, Klein admits that CTT, a New Jersey limited liability Company, was formed on approximately June 7, 2011 and that it merged into the Delaware CTT entity. The remaining allegations in Paragraph 22 of the Amended Complaint state a legal conclusion to which no

48042/0003-17810374v4

response is required.    To the extent any remaining allegations are deemed to require an affirmative response, they are denied.

23.    Klein admits the allegations contained in Paragraph 23 of the Amended Complaint.

24.    Klein denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Klein denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.    In response to the allegations contained in Paragraph 26 of the Amended Complaint, Klein admits that the Breslows are members of CTT, that they invested $12.5 million in CTT in June of 2016, and that they are presently suing Klein in Delaware federal court relating to their investment in CTT.    As to the remaining allegations contained in Paragraph 26 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

27.    In response to the allegations contained in Paragraph 27 of the Amended Complaint, Klein admits that Alois Rupp and Kirsten Ferrara (the "Rupp Investors") have sued Klein in New Jersey federal court alleging that they invested $1 million with Klein for the development of two drugs in November of 2011 (that are in the marketplace today) and that the Rupp Investors did not invest in CTT.    As to the remaining allegations contained in Paragraph 27 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

48042/0003-17810374v4

28.     In response to the allegations contained in Paragraph 28 of the Amended Complaint, Klein admits that Blue Valley, LLC ("Blue Valley") invested $7.5 million in CTT in September of 2016.  As to the remaining allegations contained in Paragraph 28 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

29.     In response to the allegations contained in Paragraph 29 of the Amended Complaint, Klein denies that there were any undisclosed investors in CTT at the time of Plaintiffs' investments in CTT.  As to the remaining allegations contained in Paragraph 29 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

30.     Paragraph 30 of the Amended Complaint states a legal conclusion to which no response is required.

31.     Paragraph 31 of the Amended Complaint states a legal conclusion to which no response is required.

32.     Klein denies the allegations contained in Paragraph 32 of the Amended Complaint that he had a "fraudulent scheme."  The remaining allegations in Paragraph 32 of the Amended Complaint state a legal conclusion as to which no response is required.  To the extent any remaining allegations are deemed to require an affirmative response, they are denied.

33.     Paragraph 33 of the Amended Complaint states a legal conclusion to which no response is required.

34.     Paragraph 34 of the Amended Complaint states a legal conclusion to which no response is required.

48042/0003-17810374v4

35.     Klein admits the allegations contained in Paragraph 35 of the Amended Complaint that he and Adams met in late-June 2014 at their sons' hockey camp in Chicago, but denies the allegations that he "began soliciting Mr. Adams' investment in CTT from their first meeting."  To the extent the allegations in Paragraph 35 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

36.     Klein denies the allegations contained in Paragraph 36 of the Amended Complaint, except admits that Klein described his professional history to Adams, that he represented that for twenty-four years he had held senior positions at three other generic pharmaceutical companies, and that he represented that he had returned over $3.3 billion to investors through companies in which he was involved.  To the extent the allegations in Paragraph 36 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

37.     Klein denies the allegations contained in Paragraph 37 of the Amended Complaint.  To the extent the allegations in Paragraph 37 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

38.     Klein admits the allegations contained in Paragraph 38 of the Amended Complaint except states that he does not recall representing that CTT would be his "final act" or that CTT was a "billion dollar idea."  To the extent the allegations in Paragraph 38 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

39.     Klein denies the allegations contained in Paragraph 39 of the Amended Complaint.  To the extent the allegations in Paragraph 39 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

48042/0003-17810374v4

40.     In response to the allegations contained in Paragraph 40 of the Amended Complaint, Klein admits that he represented that he was the sole shareholder in CTT but denies that this representation was false when made.  To the extent the allegations in Paragraph 40 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

41.     In response to the allegations contained in Paragraph 41 of the Amended Complaint, Klein admits that he represented that he had received and turned down a $30 million offer to sell CTT but denies that this representation was false when made.  To the extent the allegations in Paragraph 41 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

42.     Klein denies the allegations contained in Paragraph 42 of the Amended Complaint except admits that he and Adams spoke over the next several months in person and through telephone calls, emails, and text messages.  To the extent the allegations in Paragraph 42 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

43.     In response to the allegations contained in Paragraph 43 of the Amended Complaint, Klein admits that, in approximately August 2014, Klein provided Adams with pro forma financial statements for CTT describing CTT's potential performance if the entirety of CTT's anticipated full formulary were marketed.  Klein denies that the materials he provided to Adams contained material misrepresentations or that they were not supported by a reasonable basis.

44.     In response to the allegations contained in Paragraph 44 of the Amended Complaint, Klein refers to the so-called "presentation" for an accurate recitation of its terms.

To the extent the allegations contradict or mischaracterize the "presentation," Klein denies the same.  Klein further denies that any representations made in the "presentation" were false when made.

45.     In response to the allegations contained in Paragraph 45 of the Amended Complaint, Klein refers to the so-called "presentation" for an accurate recitation of its terms. To the extent the allegations contradict or mischaracterize the "presentation," Klein denies the same.  Klein further denies that any representations made in the "presentation" were false when made.  As to the remaining allegations contained in Paragraph 45 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

46.     In response to the allegations contained in Paragraph 46 of the Amended Complaint, Klein admits that, in response to Adams' requests, he sent Adams updates about CTT and additional financial pro forma financial statements and projections in the fall of 2014. Klein denies that the materials he provided to Adams contained material misrepresentations or that they were not supported by a reasonable basis.

47.     In response to the allegations contained in Paragraph 47 of the Amended Complaint, Klein refers to the "September 2014 Deck" for an accurate recitation of its terms. To the extent the allegations contradict or mischaracterize the "September 2014 Deck," Klein denies the same.

48.     In response to the allegations contained in Paragraph 48 of the Amended Complaint, Klein refers to the "September 2014 Deck" for an accurate recitation of its terms. To the extent the allegations contradict or mischaracterize the "September 2014 Deck," Klein denies the same.

11

49.     In response to the allegations contained in Paragraph 49 of the Amended Complaint, Klein refers to the "September 2014 Deck" for an accurate recitation of its terms. To the extent the allegations contradict or mischaracterize the "September 2014 Deck," Klein denies the same.   Further, to the extent the allegations in Paragraph 49 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

50.     In response to the allegations contained in Paragraph 50 of the Amended Complaint, Klein refers to the "September 2014 Deck" for an accurate recitation of its terms. To the extent the allegations contradict or mischaracterize the "September 2014 Deck," Klein denies the same.

51.     In response to the allegations contained in Paragraph 51 of the Amended Complaint, Klein admits that CTT did not have any developed products in October 2014 but denies the remainder of the allegations.  To the extent the allegations in Paragraph 51 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

52.     In response to the allegations contained in Paragraph 52 of the Amended Complaint, Klein refers to the alleged text message for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize that message, Klein denies the same.

53.     Klein denies the allegations contained in Paragraph 53 of the Amended Complaint.  To the extent the allegations in Paragraph 53 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

54.     Klein admits the allegations contained in Paragraph 54 of the Amended Complaint.

48042/0003-17810374v4

55.     Klein denies the allegations contained in Paragraph 55 of the Amended Complaint except admits that Adams did not receive an operating agreement or a subscription agreement in connection with his investment.

56.     Klein denies the allegations contained in Paragraph 56 of the Amended Complaint.  To the extent the allegations in Paragraph 56 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

57.     In response to the allegations contained in Paragraph 57 of the Amended Complaint, Klein admits that, in approximately January 2015, Klein provided Dr. Ashton with pro forma financial statements for CTT describing CTT's potential performance if the entirety of CTT's anticipated full formulary were marketed.  Klein denies that the materials he provided to Dr. Ashton contained material misrepresentations or that they were not supported by a reasonable basis.

58.     In response to the allegations contained in Paragraph 58 of the Amended Complaint, Klein refers to the "October 2014 Deck" for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize the "October 2014 Deck," Klein denies the same.  Klein further denies that any representations made in the "October 2014 Deck" were false when made.

59.     In response to the allegations contained in Paragraph 59 of the Amended Complaint, Klein admits that CTT did not have any developed products in January 2015 but denies the remainder of the allegations.  To the extent the allegations in Paragraph 59 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

48042/0003-17810374v4

60.     Klein lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

61.     In response to the allegations contained in Paragraph 61 of the Amended Complaint, Klein denies that he "misrepresented to Dr. Ashton that he was CTT's sole shareholder and that Dr. Ashton needed to move fast if he was to be CTT's first outside investor."  As to the remainder of the allegations contained in Paragraph 61 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to the truth of those allegations, leaving Plaintiffs to their proofs thereon.

62.     Klein lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

63.     In response to the allegations contained in Paragraph 63 of the Amended Complaint, Klein admits that Dr. Ashton individually agreed to purchase 3% of CTT (3 out of Klein's 100 shares) for $450,000.  Klein denies that he made any material misrepresentations or omissions to Dr. Ashton.  As to the remainder of the allegations contained in Paragraph 63 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to the truth of those allegations, leaving Plaintiffs to their proofs thereon.  To the extent the allegations in Paragraph 63 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

64.     In response to the allegations contained in Paragraph 64 of the Amended Complaint, Klein admits that $450,000 was wired to PNC Account 5904 on approximately January 26, 2015 in connection with Dr. Ashton's investment.  As to the remainder of the

allegations contained in Paragraph 64 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to the truth of those allegations, leaving Plaintiffs to their proofs thereon.

65.     Klein lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Complaint, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

66.     In response to the allegations contained in Paragraph 66 of the Amended Complaint, Klein admits that he told Dr. Ashton that he would provide stock certificates to all of CTT's investors after the company was capitalized and fully functioning but has been unable to do so in light of delays in the finalization of the K-1s and tax returns for CTT.  Klein does not recall offering a subscription agreement.  As to the remainder of the allegations in Paragraph 66 of the Amended Complaint which purport to characterize emails between Klein and Dr. Ashton, Klein refers to those emails for an accurate recitation of their terms.   To the extent the allegations contradict or mischaracterize those emails, Klein denies the same.

67.     In response to the allegations contained in Paragraph 67 of the Amended Complaint, Klein denies that he "solicited" Dr. Simonian's investment, but admits that his first formal meeting with Dr. Simonian occurred in approximately June 2014 at a fundraiser for Hackensack University Medical Center.  To the extent the allegations in Paragraph 67 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

68.     Klein admits the allegations contained in Paragraph 68 of the Amended Complaint.

48042/0003-17810374v4

69.     Klein denies the allegations contained in Paragraph 69 of the Amended Complaint except admits that he spoke with Dr. Simonian about his experiences and about CTT and his plans for CTT.

70.     Klein denies the allegations contained in Paragraph 70 of the Amended Complaint.  To the extent the allegations in Paragraph 70 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

71.     In response to the allegations contained in Paragraph 71 of the Amended Complaint, Klein admits that he represented that he had received and turned down a $30 million offer to sell CTT, but denies that this representation was false when made.  To the extent the allegations in Paragraph 71 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

72.     Klein admits the allegations contained in Paragraph 72 of the Amended Complaint.

73.     In response to the allegations contained in Paragraph 73 of the Amended Complaint, Klein admits that, beginning in or around May 2015, Klein and Dr. Simonian discussed the potential of Dr. Simonian becoming an investor in and a consultant for CTT.  To the extent the allegations in Paragraph 73 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

74.     In response to the allegations contained in Paragraph 74 of the Amended Complaint, Klein admits that, in approximately May 2015, Klein provided Dr. Simonian with pro forma financial statements for CTT describing CTT's potential performance if the entirety of CTT's anticipated full formulary were marketed and provided Dr. Simonian with updates

about CTT thereafter.  Klein denies that the materials he provided to Dr. Simonian contained material misrepresentations or that they were not supported by a reasonable basis.

75.     In response to the allegations contained in Paragraph 75 of the Amended Complaint, Klein refers to the "March 2015 Deck" for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize the "March 2015 Deck," Klein denies the same.  Klein further denies that any representations made in the "March 2015 Deck" were false when made.

76.     In response to the allegations contained in Paragraph 76 of the Amended Complaint, Klein admits that CTT did not have any developed products in May 2015 but denies the remainder of the allegations.  To the extent the allegations in Paragraph 76 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

77.     In response to the allegations contained in Paragraph 77 of the Amended Complaint, Klein admits that he and Dr. Simonian exchanged emails in May and June 2015 concerning CTT, that Klein emailed Dr. Simonian a list of products that he hoped to have commercialized by CTT, and that he emailed updated pro forma financial statements and projections for CTT.  As to the remaining allegations contained in Paragraph 77 of the Amended Complaint, Klein refers to the pro forma financial statements for an accurate recitation of their terms.  To the extent the allegations contradict or mischaracterize those statements, Klein denies the same.

78.     In response to the allegations contained in Paragraph 78 of the Amended Complaint, Klein admits that CTT did not have any fully developed products until the spring of 2016 but denies the balance of the allegations.  To the extent the allegations in Paragraph 78 of

48042/0003-17810374v4

the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

79.    In response to the allegations contained in Paragraph 79 of the Amended Complaint, Klein refers to the June 19, 2015 email for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize the email, Klein denies the same.

80.    Klein denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.    Klein admits the allegations contained in Paragraph 81 of the Amended Complaint to the extent they are directed to him except denies that that he made any material misrepresentations or omissions to Dr. Simonian.  To the extent the allegations in Paragraph 81 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

82.    Klein admits the allegations contained in Paragraph 82 of the Amended Complaint.

83.    In response to the allegations contained in Paragraph 83 of the Amended Complaint, Klein refers to the Membership Agreement for an accurate recitation of its terms. To the extent the allegations contradict or mischaracterize the Membership Agreement, Klein denies the same.  Klein further denies that any representations made in the Membership Agreement were false when made.

84.    In response to the allegations contained in Paragraph 84 of the Amended Complaint, Klein refers to the Operating Agreement for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize the Operating Agreement, Klein denies

the same.  Klein further denies that any representations made in the Operating Agreement were false when made.

85.     Klein admits the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Klein admits the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Klein admits the allegations contained in Paragraph 87 of the Amended Complaint to the extent they are directed to him.  To the extent the allegations in Paragraph 87 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

88.     Klein admits the allegations contained in Paragraph 88 of the Amended Complaint but notes that Adams was responsible for hiring the 1,500 salespeople.

89.     In response to the allegations contained in Paragraph 89 of the Amended Complaint, Klein admits that Keystone and CTT had discussions about their business relationship in October 2014 but had no formal contract, that the companies worked together to customize the Compliance PAC that Keystone had designed for Wal-Mart for the purposes of CTT's prescription drug packages, and that they discussed identifying an FDA registered prescription drug packager to fill and ship CTT's Compliance PACs.  Klein denies the balance of the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Klein admits the allegations contained in Paragraph 90 of the Amended Complaint to the extent they are directed to him except denies that he "was always soliciting Messrs. Hartman and Smith's investments."  To the extent the allegations in Paragraph 90 of the

19

Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

91.      In response to the allegations contained in Paragraph 91 of the Amended Complaint, Klein admits that, sometime in July 2015, he showed Hartman and Smith pro forma financial statements for CTT describing CTT's potential performance if the entirety of CTT's anticipated full formulary were marketed.   Klein denies that the materials he provided to Hartman and Smith contained material misrepresentations or that they were not supported by a reasonable basis.

92.      In response to the allegations contained in Paragraph 92 of the Amended Complaint, Klein admits that in the fall of 2015, he communicated with Hartman and Smith about CTT.   Klein denies the balance of the allegations contained in Paragraph 92 of the Amended Complaint.  To the extent the allegations in Paragraph 92 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

93.      Klein denies the allegations contained in Paragraph 93 of the Amended Complaint. To the extent the allegations in Paragraph 93 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

94.      Klein denies the allegations contained in Paragraph 94 of the Amended Complaint.  To the extent the allegations in Paragraph 94 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

95.      Klein denies the allegations contained in Paragraph 95 of the Amended Complaint and states that DAVA, another company with which he was involved, had four Investigational New Drug Applications ("INDs"), that Klein directed DAVA to assign these four INDs to CTT, Klein's wholly-owned company, as compensation to Klein, who had heavily

invested in their creation and who had foregone compensation due to him from DAVA, and that the INDs had an estimated value of $1 million each. To the extent the allegations in Paragraph 95 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

96.     Klein denies the allegations contained in Paragraph 96 of the Amended Complaint. To the extent the allegations in Paragraph 96 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

97.     In response to the allegations contained in Paragraph 97 of the Amended Complaint, Klein admits that he represented that CTT had access to software through Barry Posner ("Posner") that would adjudicate patient insurance claims and that he had invested in another entity, Dispense Point, in connection with that software. Klein denies the balance of the allegations contained in Paragraph 97 of the Amended Complaint. To the extent the allegations in Paragraph 97 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

98.     In response to the allegations contained in Paragraph 98 of the Amended Complaint, Klein admits that he represented that CTT's network of salespeople, who were hired by Adams, were getting significant interest from physician groups, including a cardiology group in Miami, Florida that was ready to work with CTT once the Compliance PACs were developed. Klein denies the balance of the allegations contained in Paragraph 98 of the Amended Complaint. To the extent the allegations in Paragraph 98 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

99.     In response to the allegations contained in Paragraph 99 of the Amended Complaint, Klein admits that in November 2015, he sent Hartman and Smith three documents,

created by Adams, concerning CTT's anticipated products that were in development and that he represented that CTT planned to try to begin selling those products in early 2016.

100.    In response to the allegations contained in Paragraph 100 of the Amended Complaint, Klein admits that CTT did not have any fully developed Compliance PACs in November 2015 but denies the balance of the allegations.  To the extent the allegations in Paragraph 100 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

101.    Klein admits the allegations contained in Paragraph 101 of the Amended Complaint to the extent they are directed to him, except denies that he made any misrepresentations or omissions to Hartman or Smith.  To the extent the allegations in Paragraph 101 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

102.    Klein admits the allegations contained in Paragraph 102 of the Amended Complaint.

103.    Klein admits the allegations contained in Paragraph 103 of the Amended Complaint.

104.    In response to the allegations contained in Paragraph 104 of the Amended Complaint, Klein refers to the Agreements for accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the Agreements, Klein denies the same.  Klein further denies that any representations made in the Agreements were false when made.

105.    In response to the allegations contained in Paragraph 105 of the Amended Complaint, Klein admits that, between the time of Plaintiffs' investment and the Breslows' investment in June of 2016, he did not provide Plaintiffs with financial statements for CTT

because there were no financial statements for that period since CTT had not begun selling products by that time and was not generating any revenue.  Klein further states that Plaintiffs never requested access to CTT's bank accounts and thus admits that they did not have access to those accounts.  Klein denies the balance of the allegations contained in Paragraph 105 of the Amended Complaint.  To the extent the allegations in Paragraph 105 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

106.   Klein denies the allegations contained in Paragraph 106 of the Amended Complaint except admits that the Breslows invested $12.5 million in CTT in June 2016.  To the extent the allegations in Paragraph 106 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

107.   Klein denies the allegations contained in Paragraph 107 of the Amended Complaint.  To the extent the allegations in Paragraph 107 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

108.   In response to the allegations contained in Paragraph 108 of the Amended Complaint, Klein admits that the documents related to the merger of CTT into the Delaware CTT entity were signed in June of 2016.  The allegation that "CTT-DE is the successor-in-interest to CTT-NJ" states a legal conclusion to which no response is required.  Klein denies the balance of the allegations contained in Paragraph 108 of the Amended Complaint.

109.   Klein denies the allegations contained in Paragraph 109 of the Amended Complaint.  To the extent the allegations in Paragraph 109 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

110.   In response to the allegations contained in Paragraph 110 of the Amended Complaint, Klein admits that Blue Valley invested $7.5 million in CTT in September 2016.

Klein denies the balance of the allegations contained in Paragraph 110 of the Amended Complaint.

111.    Klein admits the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Klein denies the allegations contained in Paragraph 112 of the Amended Complaint.

113.    In response to the allegations contained in Paragraph 113 of the Amended Complaint, Klein admits that Adams, as Executive Vice President of Sales and Marketing, and Dr. Ashton, as Executive Vice President of Clinical and Formulary Affairs, signed documents outlining their compensation and benefits as employees of CTT.  Klein further admits that Adams became a member of CTT's Board of Managers in June of 2017.

114.    In response to the allegations contained in Paragraph 114 of the Amended Complaint, Klein admits that Adams and Dr. Ashton signed CTT's 2016 Operating Agreement and that Dr. Simonian, Hartman, and Smith did not sign CTT's 2016 Operating Agreement. Klein denies the balance of the allegations contained in Paragraph 114 of the Amended Complaint.

115.    Klein admits the allegations contained in Paragraph 115 of the Amended Complaint.

116.    Klein lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 116 of the Amended Complaint, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

117.    Klein denies the allegations contained in Paragraph 117 of the Amended Complaint.

48042/0003-17810374v4

118.   In response to the allegations contained in Paragraph 118 of the Amended Complaint, Klein admits that CTT entered into a formal consulting agreement with Dr. Simonian in March 2017 after CTT had opened its office and launched its website.

119.   In response to the allegations contained in Paragraph 119 of the Amended Complaint, Klein denies that he engaged in any "efforts to obfuscate."   As to the remaining allegations in Paragraph 119 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

120.   In response to the allegations contained in Paragraph 120 of the Amended Complaint, Klein denies that there were any undisclosed early CTT investors.   As to the remaining allegations in Paragraph 120 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

121.   Klein lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Amended Complaint, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

122.   In response to the allegations contained in Paragraph 122 of the Amended Complaint, Klein admits that there was a prior investor in CTT in 2011 who Klein bought out prior to Plaintiffs' investment.   Klein further admits that other investors had invested in NDA products that CTT intended to develop, but these were not investors in CTT itself.   Klein further admits that, at one time, CTT had a bank account with PNC, with an account number ending in 5904.   Klein denies the balance of the allegations contained in Paragraph 122 of the Amended

Complaint.  To the extent the allegations in Paragraph 122 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

123.    In response to the allegations contained in Paragraph 123 of the Amended Complaint, Klein admits that he bought out a prior investor in CTT before Plaintiffs invested in CTT.  Klein, who prior to Plaintiffs' investments owned 100% of CTT and who sold Plaintiffs his own shares in CTT rather than causing CTT to issue new shares to them, further admits that some of the investors in NDA products were repaid when CTT ultimately abandoned the NDA product development.  Klein denies the balance of the allegations contained in Paragraph 123 of the Amended Complaint.

124.    Klein denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Klein denies the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Klein denies the allegations contained in Paragraph 126 of the Complaint.[2]

127.    Klein denies the allegations contained in Paragraph 127 of the Amended Complaint.  To the extent the allegations in Paragraph 127 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

128.    Klein denies the allegations contained in Paragraph 128 of the Amended Complaint except admits that Adams wired $581,250 to PNC Account 5904 in October of 2014.

---

[2] In response to the allegations contained in Footnote 1 of the Amended Complaint, Klein admits that in approximately November 2011, the Rupp Investors invested approximately $1 million in the development of certain prescription drug products and that Rupp Investors have sued Klein in the District of New Jersey.

129.    Klein denies the allegations contained in Paragraph 129 of the Amended Complaint except admits that $450,000 was wired to PNC Account 5904 in January of 2015 in connection with Dr. Ashton's investment in CTT.

130.    Klein denies the allegations contained in Paragraph 130 of the Amended Complaint except admits that Dr. Simonian wired $600,000 to PNC Account 5904 in August 2015.

131.    Klein denies the allegations contained in Paragraph 131 of the Amended Complaint except admits that Hartman wired $300,000 to PNC Account 5904 in November 2015 and that Smith wired $100,000 to PNC Account 5904 in December 2015.

132.    Klein denies the allegations contained in Paragraph 132 of the Amended Complaint.  To the extent the allegations in Paragraph 132 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

133.    In response to the allegations contained in Paragraph 133 of the Amended Complaint, Klein denies any "defalcations and improper acts" by him.  As to the remaining allegations in Paragraph 133 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.  To the extent the allegations in Paragraph 133 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

134.    Klein denies the allegations contained in Paragraph 134 of the Amended Complaint.  To the extent the allegations in Paragraph 134 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

48042/0003-17810374v4

135.    Klein denies the allegations contained in Paragraph 135 of the Amended Complaint that he "made various specific misrepresentations about CTT to the Plaintiffs during the solicitations of their investments."

(1)    Klein admits the allegations contained in Paragraph 135(1) of the Amended Complaint and states that the same was disclosed during due diligence to the Breslows.

(2)    In response to the allegations contained in Paragraph 135(2) of the Amended Complaint, Klein admits that he had access to a patent with ten years left on its patent life for a veterinary product that would minimize cataracts in dogs and that he was working with patent holders who were funding studies at the University of Pennsylvania and states that he never represented otherwise.  As to the remaining allegations contained in Paragraph 135(2) of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

(3)    Klein admits the allegations in Paragraph 135(3) of the Amended Complaint and states that DAVA had given Klein four INDs, that Klein transferred the four INDs to CTT to be held as assets, and that the INDs were valued at approximately $1 million each.

(4)    Klein denies the allegations contained in Paragraph 135(4) of the Amended Complaint and states that CTT had access to software through Posner that would adjudicate patient insurance claims and that he had invested in another entity, Dispense Point, in connection with that software.

(5)     Klein denies the allegations contained in Paragraph 135(5) of the Amended Complaint and states that Adams had engaged a network of 1,500 salespeople on behalf of CTT who were getting significant interest from physician groups, including a cardiology group in Miami, Florida that was ready to work with CTT once the Compliance PACs were developed.

To the extent the allegations in Paragraph 135 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

136.    Klein denies the allegations contained in Paragraph 136 of the Amended Complaint.  To the extent the allegations in Paragraph 136 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

137.    Klein denies the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Klein denies the allegations contained in Paragraph 138 of the Amended Complaint except admits that Plaintiffs have not yet received individual K-1 or CTT's tax returns for 2016 or 2017 because they have not been completed and that Adams, as acting CEO, is responsible for arranging for their preparation and dissemination to Plaintiffs.

139.    Klein denies the allegations contained in Paragraph 139 of the Amended Complaint.

140.    In response to the allegations contained in Paragraph 140 of the Complaint, Klein admits that since June of 2016, he has caused CTT, via his amended employment agreement, to pay his salary (or has withdrawn his salary from CTT's bank account) in accordance with his employment agreement with CTT, which set his compensation at $100,000

per month, and that Klein used his salary to pay personal expenses.  Klein denies the remainder of the allegations contained in Paragraph 140 of the Amended Complaint.

141.    Klein denies the allegations contained in Paragraph 141 of the Amended Complaint.

142.    Klein denies the allegations contained in Paragraph 142 of the Amended Complaint.

143.    Klein denies the allegations contained in Paragraph 143 of the Amended Complaint.

144.    Klein denies the allegations contained in Paragraph 144 of the Amended Complaint.

145.    Klein denies the allegations contained in Paragraph 145 of the Amended Complaint.

146.    Klein denies the allegations contained in Paragraph 146 of the Amended Complaint.

147.    Klein admits the allegations contained in Paragraph 147 of the Amended Complaint except denies that his termination was "for cause."

148.    Klein denies the allegations contained in Paragraph 148 of the Amended Complaint.

149.    In response to Paragraph 149 of the Amended Complaint, Klein admits that he terminated Adams from the Board of Managers in January 2018 and denies the balance of the allegations contained therein.

150.    In response to Paragraph 150 of the Amended Complaint, Klein admits that he replaced Adams on CTT's Board of Managers and denies the balance of the allegations contained therein.

151.    Klein denies the allegations contained in Paragraph 151 of the Amended Complaint.

152.    Klein denies the allegations contained in Paragraph 152 of the Amended Complaint.

153.    Klein denies the allegations contained in Paragraph 153 of the Amended Complaint except admits that Plaintiffs have not, to date, received profits or tax losses from CTT.  To the extent the allegations in Paragraph 153 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

## AS TO THE FIRST COUNT

154.    Klein repeats and realleges the answers contained in the preceding paragraphs as if stated fully herein.

155.    Klein denies the allegations contained in Paragraph 155 of the Amended Complaint.  To the extent the allegations in Paragraph 155 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

156.    Klein denies the allegations contained in Paragraph 156 of the Amended Complaint.  To the extent the allegations in Paragraph 156 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

157.    Paragraph 157 of the Amended Complaint states a legal conclusion to which no response is required.

158.    Klein denies the allegations contained in Paragraph 158 of the Amended Complaint except admits that Adams paid $581,250 in October 2014 for 3% of CTT.

159.    Klein admits the allegations contained in Paragraph 159 of the Amended Complaint except states that he understood, at the time of the $450,000 investment in January 2015, that the investor was Dr. Ashton, and that he did not learn of AV Select until later.

160.    Klein admits the allegations contained in Paragraph 160 of the Amended Complaint.

161.    Klein admits the allegations contained in Paragraph 161 of the Amended Complaint.

162.    Klein denies the allegations contained in Paragraph 162 of the Amended Complaint.

163.    Klein denies the allegations contained in Paragraph 163 of the Amended Complaint.

164.    Klein denies the allegations contained in Paragraph 164 of the Amended Complaint.  To the extent the allegations in Paragraph 164 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

165.    In response to the allegations contained in Paragraph 165 of the Amended Complaint, Klein refers to the September 2014, October 2014, and March 2015 Decks for accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the Decks, Klein denies the same.  Klein denies that he made any misrepresentations in the Decks.  Further, to the extent the allegations in Paragraph 165 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

166.    In response to the allegations contained in Paragraph 166 of the Amended Complaint, Klein refers to the so-called presentation for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize the presentation, Klein denies the same.

48042/0003-17810374v4

Klein denies that he made any misrepresentations in the presentation.  Further, to the extent the allegations in Paragraph 166 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

167.    In response to the allegations contained in Paragraph 167 of the Amended Complaint, which restates the purported contents of the June 2015 emails and pro forma financial statements and projections for CTT referenced in Paragraph 77, Klein refers to the emails and pro forma financial statements for accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the emails or pro forma financial statements, Klein denies the same.  Klein denies that he made any misrepresentations in the emails or pro forma financial statements.  Further, to the extent the allegations in Paragraph 167 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

168.    Klein denies the allegations contained in Paragraph 168 of the Amended Complaint.  To the extent the allegations in Paragraph 168 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

169.    In response to the allegations contained in Paragraph 169 of the Amended Complaint, Klein denies that he made misrepresentations.  The remaining allegations contained in Paragraph 161 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 169 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

170.    Klein denies the allegations contained in Paragraph 170 of the Amended Complaint.  To the extent the allegations in Paragraph 170 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

48042/0003-17810374v4

171.    Klein denies the allegations contained in Paragraph 171 of the Amended Complaint except admits that CTT did not have any developed products at the time of Plaintiffs' investment.

172.    Klein denies the allegations contained in Paragraph 172 of the Amended Complaint.  To the extent the allegations in Paragraph 172 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

173.    In response to the allegations contained in Paragraph 173 of the Amended Complaint, Klein denies that he made any material omissions to Plaintiffs.  The remaining allegations contained in Paragraph 173 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 173 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

174.    In response to the allegations contained in Paragraph 174 of the Amended Complaint, Klein denies that he made any false representations or omissions to Plaintiffs.  The remaining allegations contained in Paragraph 174 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent any remaining allegations are deemed to require an affirmative response, they are denied.  Further, to the extent the allegations in Paragraph 174 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

175.    Klein denies the allegations contained in Paragraph 175 of the Amended Complaint.  To the extent the allegations in Paragraph 175 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

176.    Paragraph 176 of the Amended Complaint states a legal conclusion to which no response is required.

34

177.    In response to the allegations contained in Paragraph 177 of the Amended Complaint, Klein denies that he made any misrepresentations or omissions to Plaintiffs.  The remaining allegations contained in Paragraph 177 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent any remaining allegations are deemed to require an affirmative response, they are denied.  Further, to the extent the allegations in Paragraph 177 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

178.    Klein denies the allegations contained in Paragraph 178 of the Amended Complaint to the extent they suggest he did not tell the truth to Plaintiffs.  As to the remaining allegations in Paragraph 178 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.  To the extent the allegations in Paragraph 178 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

179.    In response to the allegations contained in Paragraph 179 of the Amended Complaint, Klein denies that he made misrepresentations or that he misappropriated Plaintiffs' investments for his personal use.  The remaining allegations contained in Paragraph 179 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 179 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

180.    Klein denies the allegations contained in Paragraph 180 of the Amended Complaint except admits that Plaintiffs have not, to date, received profits or tax losses from CTT.

48042/0003-17810374v4

181.    In response to the allegations contained in Paragraph 181 of the Amended Complaint, Klein denies that he made misrepresentations to Plaintiffs.   The remaining allegations contained in Paragraph 181 of the Amended Complaint state a legal conclusion to which no response is required.   To the extent the allegations in Paragraph 181 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

### AS TO THE SECOND COUNT

182.    Klein repeats and realleges the answers contained in the preceding paragraphs as if stated fully herein.

183.    Klein denies the allegations contained in Paragraph 183 of the Amended Complaint.   To the extent the allegations in Paragraph 183 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

184.    Klein denies the allegations contained in Paragraph 184 of the Amended Complaint.   To the extent the allegations in Paragraph 184 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

185.    Paragraph 185 of the Amended Complaint states a legal conclusion to which no response is required.

186.    Klein denies the allegations contained in Paragraph 186 of the Amended Complaint except admits that Adams paid $581,250 in October 2014 for 3% of CTT.

187.    Klein admits the allegations contained in Paragraph 187 of the Amended Complaint except states that he understood, at the time of the $450,000 investment in January 2015, that the investor was Dr. Ashton, and that he did not learn of AV Select until later.

188.    Klein admits the allegations contained in Paragraph 188 of the Amended Complaint.

36

189.    Klein admits the allegations contained in Paragraph 189 of the Amended Complaint.

190.    Klein denies the allegations contained in Paragraph 190 of the Amended Complaint.

191.    Klein denies the allegations contained in Paragraph 191 of the Amended Complaint.

192.    Klein denies the allegations contained in Paragraph 192 of the Amended Complaint.  To the extent the allegations in Paragraph 192 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

193.    In response to the allegations contained in Paragraph 193 of the Amended Complaint, Klein refers to the September 2014, October 2014, and March 2015 Decks for accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the Decks, Klein denies the same.  Klein denies that he made any misrepresentations in the Decks.  Further, to the extent the allegations in Paragraph 193 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

194.    In response to the allegations contained in Paragraph 194 of the Amended Complaint, Klein refers to the so-called presentation for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize the presentation, Klein denies the same.  Klein denies that he made any misrepresentations in the presentation.  Further, to the extent the allegations in Paragraph 194 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

195.    In response to the allegations contained in Paragraph 195 of the Amended Complaint, which restates the purported contents of the June 2015 emails and pro forma

37

financial statements and projections for CTT referenced in Paragraph 77, Klein refers to the emails and pro forma financial statements for accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the emails or pro forma financial statements, Klein denies the same.  Klein denies that he made any misrepresentations in the emails or pro forma financial statements.  Further, to the extent the allegations in Paragraph 195 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

196.    Klein denies the allegations contained in Paragraph 196 of the Amended Complaint.  To the extent the allegations in Paragraph 196 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

197.    In response to the allegations contained in Paragraph 197 of the Amended Complaint, Klein denies that he made misrepresentations.  The remaining allegations contained in Paragraph 197 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 197 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

198.    Klein denies the allegations contained in Paragraph 198 of the Amended Complaint.  To the extent the allegations in Paragraph 198 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

199.    Klein denies the allegations contained in Paragraph 199 of the Amended Complaint except admits that CTT did not have any developed products at the time of Plaintiffs' investment.

200.    Klein denies the allegations contained in Paragraph 200 of the Amended Complaint.  To the extent the allegations in Paragraph 200 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

201.    In response to the allegations contained in Paragraph 201 of the Amended Complaint, Klein denies that he made any material omissions to Plaintiffs.  The remaining allegations contained in Paragraph 201 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 201 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

202.    In response to the allegations contained in Paragraph 202 of the Amended Complaint, Klein denies that he made any false representations or omissions to Plaintiffs.  The remaining allegations contained in Paragraph 202 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent any remaining allegations are deemed to require an affirmative response, they are denied.  Further, to the extent the allegations in Paragraph 202 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

203.    Klein denies the allegations contained in Paragraph 203 of the Amended Complaint.  To the extent the allegations in Paragraph 203 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

204.    Paragraph 204 of the Amended Complaint states a legal conclusion to which no response is required.

205.    In response to the allegations contained in Paragraph 205 of the Amended Complaint, Klein denies that he made any misrepresentations or omissions to Plaintiffs.  The remaining allegations contained in Paragraph 205 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent any remaining allegations are deemed to require an affirmative response, they are denied.  Further, to the extent the

allegations in Paragraph 205 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

206.     Klein denies the allegations contained in Paragraph 206 of the Amended Complaint to the extent they suggest he did not tell the truth to Plaintiffs.  As to the remaining allegations in Paragraph 206 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.  To the extent the allegations in Paragraph 206 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

207.     In response to the allegations contained in Paragraph 207 of the Amended Complaint, Klein denies that he made misrepresentations or that he misappropriated Plaintiffs' investments for his personal use.  The remaining allegations contained in Paragraph 207 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 207 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

208.     Klein denies the allegations contained in Paragraph 208 of the Amended Complaint except admits that Plaintiffs have not, to date, received profits or tax losses from CTT.

209.     In response to the allegations contained in Paragraph 209 of the Amended Complaint, Klein denies that he made misrepresentations to Plaintiffs.  The remaining allegations contained in Paragraph 209 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 209 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

## AS TO THE THIRD COUNT

210.    Klein repeats and realleges the answers contained in the preceding paragraphs as if stated fully herein.

211.    Klein denies the allegations contained in Paragraph 211 of the Amended Complaint.  To the extent the allegations in Paragraph 211 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

212.    Klein denies the allegations contained in Paragraph 212 of the Amended Complaint.  To the extent the allegations in Paragraph 212 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

213.    Paragraph 213 of the Amended Complaint states a legal conclusion to which no response is required.

214.    Klein denies the allegations contained in Paragraph 214 of the Amended Complaint except admits that Adams paid $581,250 in October 2014 for 3% of CTT.

215.    Klein admits the allegations contained in Paragraph 215 of the Amended Complaint except states that he understood, at the time of the $450,000 investment in January 2015, that the investor was Dr. Ashton, and that he did not learn of AV Select until later.

216.    Klein admits the allegations contained in Paragraph 216 of the Amended Complaint.

217.    Klein admits the allegations contained in Paragraph 217 of the Amended Complaint.

218.    Klein denies the allegations contained in Paragraph 218 of the Amended Complaint.

219.    Klein denies the allegations contained in Paragraph 219 of the Amended Complaint.

48042/0003-17810374v4

220.    Klein denies the allegations contained in Paragraph 220 of the Amended Complaint.  To the extent the allegations in Paragraph 220 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

221.    In response to the allegations contained in Paragraph 221 of the Amended Complaint, Klein refers to the September 2014, October 2014, and March 2015 Decks for accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the Decks, Klein denies the same.  Klein denies that he made any misrepresentations in the Decks.  Further, to the extent the allegations in Paragraph 221 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

222.    In response to the allegations contained in Paragraph 222 of the Amended Complaint, Klein refers to the so-called presentation for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize the presentation, Klein denies the same.  Klein denies that he made any misrepresentations in the presentation.  Further, to the extent the allegations in Paragraph 222 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

223.    In response to the allegations contained in Paragraph 223 of the Amended Complaint, which restates the purported contents of the June 2015 emails and pro forma financial statements and projections for CTT referenced in Paragraph 77, Klein refers to the emails and pro forma financial statements for accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the emails or pro forma financial statements, Klein denies the same.  Klein denies that he made any misrepresentations in the emails or pro forma financial statements.  Further, to the extent the allegations in Paragraph 223 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

224.    Klein denies the allegations contained in Paragraph 224 of the Amended Complaint.  To the extent the allegations in Paragraph 224 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

225.    In response to the allegations contained in Paragraph 225 of the Amended Complaint, Klein denies that he made misrepresentations.  The remainder of the allegations contained in Paragraph 225 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 225 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

226.    Klein denies the allegations contained in Paragraph 226 of the Amended Complaint.  To the extent the allegations in Paragraph 226 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

227.    Klein denies the allegations contained in Paragraph 227 of the Amended Complaint except admits that CTT did not have any developed products at the time of Plaintiffs' investment.

228.    Klein denies the allegations contained in Paragraph 228 of the Amended Complaint.  To the extent the allegations in Paragraph 228 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

229.    In response to the allegations contained in Paragraph 229 of the Amended Complaint, Klein denies that he made any material omissions to Plaintiffs.  The remaining allegations contained in Paragraph 229 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 229 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

48042/0003-17810374v4

230.    In response to the allegations contained in Paragraph 230 of the Amended Complaint, Klein denies that he made any false representations or omissions to Plaintiffs.  The remaining allegations contained in Paragraph 230 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent any remaining allegations are deemed to require an affirmative response, they are denied.  Further, to the extent the allegations in Paragraph 230 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

231.    Klein denies the allegations contained in Paragraph 231 of the Amended Complaint.  To the extent the allegations in Paragraph 231 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

232.    Paragraph 232 of the Amended Complaint state a legal conclusion to which no response is required.

233.    In response to the allegations contained in Paragraph 233 of the Amended Complaint, Klein denies that he made any misrepresentations or omissions to Plaintiffs.  The remaining allegations contained in Paragraph 233 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent any remaining allegations are deemed to require an affirmative response, they are denied.  Further, to the extent the allegations in Paragraph 233 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

234.    Klein denies the allegations contained in Paragraph 234 of the Amended Complaint to the extent they suggest he did not tell the truth to Plaintiffs.  As to the remaining allegations in Paragraph 234 of the Amended Complaint, Klein lacks knowledge or information

sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.

235.    In response to the allegations contained in Paragraph 235 of the Amended Complaint, Klein denies that he made misrepresentations or that he misappropriated Plaintiffs' investments for his personal use.  The remaining allegations contained in Paragraph 235 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 235 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

236.    Klein denies the allegations contained in Paragraph 236 of the Amended Complaint except admits that Plaintiffs have not, to date, received profits or tax losses from CTT.

237.    In response to the allegations contained in Paragraph 237 of the Amended Complaint, Klein denies that he made misrepresentations to Plaintiffs.   The remaining allegations contained in Paragraph 237 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 237 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

## AS TO THE FOURTH COUNT

238.    Klein repeats and realleges the answers contained in the preceding paragraphs as if stated fully herein.

239.    In response to the allegations contained in Paragraph 239 of the Amended Complaint, Klein denies that he made misrepresentations or omissions to Plaintiffs.   The remaining allegations contained in Paragraph 239 of the Amended Complaint state a legal conclusion to which no response is required.

240.    Klein denies the allegations contained in Paragraph 240 of the Amended Complaint.  To the extent the allegations in Paragraph 240 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

241.    Paragraph 241 of the Amended Complaint states a legal conclusion to which no response is required.

242.    Klein denies the allegations contained in Paragraph 242 of the Amended Complaint except admits that Adams paid $581,250 in October 2014 for 3% of CTT.

243.    Klein admits the allegations contained in Paragraph 243 of the Amended Complaint except states that he understood, at the time of the $450,000 investment in January 2015, that the investor was Dr. Ashton, and that he did not learn of AV Select until later.

244.    Klein admits the allegations contained in Paragraph 244 of the Amended Complaint.

245.    Klein admits the allegations contained in Paragraph 245 of the Amended Complaint.

246.    Klein denies the allegations contained in Paragraph 246 of the Amended Complaint.

247.    Klein denies the allegations contained in Paragraph 247 of the Amended Complaint.

248.    Klein denies the allegations contained in Paragraph 248 of the Amended Complaint.  To the extent the allegations in Paragraph 248 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

249.    In response to the allegations contained in Paragraph 249 of the Amended Complaint, Klein refers to the September 2014, October 2014, and March 2015 Decks for

accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the Decks, Klein denies the same.  Klein denies that he made any misrepresentations in the Decks.  Further, to the extent the allegations in Paragraph 249 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

250.    In response to the allegations contained in Paragraph 250 of the Amended Complaint, Klein refers to the so-called presentation for an accurate recitation of its terms.  To the extent the allegations contradict or mischaracterize the presentation, Klein denies the same. Klein denies that he made any misrepresentations in the presentation.  Further, to the extent the allegations in Paragraph 250 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

251.    In response to the allegations contained in Paragraph 251 of the Amended Complaint, which restates the purported contents of the June 2015 emails and pro forma financial statements and projections for CTT referenced in Paragraph 77, Klein refers to the emails and pro forma financial statements for accurate recitations of their terms.  To the extent the allegations contradict or mischaracterize the emails or pro forma financial statements, Klein denies the same.  Klein denies that he made any misrepresentations in the emails or pro forma financial statements.  Further, to the extent the allegations in Paragraph 251 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

252.    Klein denies the allegations contained in Paragraph 252 of the Amended Complaint.  To the extent the allegations in Paragraph 252 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

253.    In response to the allegations contained in Paragraph 253 of the Amended Complaint, Klein denies that he made misrepresentations.  The remainder of the allegations

contained in Paragraph 239 of the Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 253 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

254.    Klein denies the allegations contained in Paragraph 254 of the Amended Complaint.  To the extent the allegations in Paragraph 254 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

255.    Klein denies the allegations contained in Paragraph 255 of the Amended Complaint except admits that CTT did not have any developed products at the time of Plaintiffs' investment.

256.    Klein denies the allegations contained in Paragraph 256 of the Amended Complaint.  To the extent the allegations in Paragraph 256 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

257.    In response to the allegations contained in Paragraph 257 of the Amended Complaint, Klein denies that he made any material omissions to Plaintiffs.  The remaining allegations contained in Paragraph 257 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 257 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

258.    In response to the allegations contained in Paragraph 258 of the Amended Complaint, Klein denies that he made any false representations or omissions to Plaintiffs.  The remaining allegations contained in Paragraph 258 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent any remaining allegations are deemed to require an affirmative response, they are denied.  Further, to the extent the

allegations in Paragraph 258 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

259.    Klein denies the allegations contained in Paragraph 259 of the Amended Complaint.   To the extent the allegations in Paragraph 259 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

260.    Paragraph 260 of the Amended Complaint states a legal conclusion to which no response is required.

261.    In response to the allegations contained in Paragraph 261 of the Amended Complaint, Klein denies that he made any misrepresentations or omissions to Plaintiffs.   The remaining allegations contained in Paragraph 261 of the Amended Complaint state a legal conclusion to which no response is required.   To the extent any remaining allegations are deemed to require an affirmative response, they are denied.   Further, to the extent the allegations in Paragraph 261 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

262.    Klein denies the allegations contained in Paragraph 262 of the Amended Complaint to the extent they suggest he did not tell the truth to Plaintiffs.   As to the remaining allegations in Paragraph 262 of the Amended Complaint, Klein lacks knowledge or information sufficient to form a belief as to their truth, and neither admits nor denies those allegations, leaving Plaintiffs to their proofs thereon.   To the extent the allegations in Paragraph 262 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

263.    In response to the allegations contained in Paragraph 263 of the Amended Complaint, Klein denies that he made misrepresentations or that he misappropriated Plaintiffs'

investments for his personal use.  The remaining allegations contained in Paragraph 263 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 263 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

264.   Klein denies the allegations contained in Paragraph 264 of the Amended Complaint except admits that Plaintiffs have not, to date, received profits or tax losses from CTT.

265.   In response to the allegations contained in Paragraph 265 of the Amended Complaint, Klein denies that he made misrepresentations to Plaintiffs.   The remaining allegations contained in Paragraph 265 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 265 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

## AS TO THE FIFTH COUNT

266.   Klein repeats and realleges the answers contained in the preceding paragraphs as if stated fully herein.

267.   Klein denies the allegations contained in Paragraph 267 of the Amended Complaint.

268.   In response to the allegations contained in Paragraph 268 of the Amended Complaint, Klein admits that he has caused CTT to pay his salary (or has withdrawn his salary from CTT's bank account) in accordance with his employment agreement with CTT, which set his compensation at $100,000 per month, and that Klein used his salary to pay personal expenses.   Klein denies the balance of the allegations contained in Paragraph 268 of the Amended Complaint.

50

269.    In response to the allegations contained in Paragraph 269 of the Amended Complaint, Klein admits that, after Plaintiffs' investments, he has caused CTT to pay his salary (or has withdrawn his salary from CTT's bank account) in accordance with his employment agreement with CTT, which set his compensation at $100,000 per month, and that Klein used his salary to pay personal expenses.

270.    Paragraph 270 of the Amended Complaint state a legal conclusion to which no response is required.

271.    In response to the allegations contained in Paragraph 271 of the Amended Complaint, Klein denies that he made false representations and promises to Plaintiffs.  The remaining allegations contained in Paragraph 271 of the Amended Complaint state a legal conclusion to which no response is required.

### AS TO THE SIXTH COUNT

272.    Klein repeats and realleges the answers contained in the preceding paragraphs as if stated fully herein.

273.    Paragraph 273 of the Amended Complaint states a legal conclusion to which no response is required.

274.    In response to the allegations contained in Paragraph 274 of the Amended Complaint, Klein refers to the Operating Agreement for an accurate recitation of its contents. To the extent the allegations contradict or mischaracterize the Operating Agreement, Klein denies the same.

275.    In response to the allegations contained in Paragraph 275 of the Amended Complaint, Klein refers to the Operating Agreement for an accurate recitation of its contents. To the extent the allegations contradict or mischaracterize the Operating Agreement, Klein denies the same.

51

276.     Paragraph 276 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 276 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

277.     In response to the allegations contained in Paragraph 277 of the Amended Complaint, Klein refers to the Operating Agreement for an accurate recitation of its contents. To the extent the allegations contradict or mischaracterize the Operating Agreement, Klein denies the same.

278.     In response to the allegations contained in Paragraph 278 of the Amended Complaint, Klein denies that he merged CTT into the Delaware CTT entity without notice to Dr. Simonian or that he did not recognize Dr. Simonian's interest in the Delaware CTT entity. The remaining allegations contained in Paragraph 278 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 278 of the Amended Complaint are directed to persons or entities other than Klein, no response by Klein is required.

279.     Paragraph 279 of the Amended Complaint states a legal conclusion to which no response is required.

280.     Paragraph 280 of the Amended Complaint states a legal conclusion to which no response is required.

281.     Paragraph 281 of the Amended Complaint states a legal conclusion to which no response is required.

**WHEREFORE**, Klein demands judgment against Plaintiffs, dismissing their Amended Complaint with prejudice, awarding Klein costs, attorneys' fees, expenses, and any other additional and further relief as the Court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Amended Complaint and/or each count thereof fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### THIRD SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their contributory negligence.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their own, independent investigation of CTT prior to their investment.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because forward looking statements concerning CTT's anticipated future performance are not actionable.

### SEVENTH SEPARATE DEFENSE

The Amended Complaint fails to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by ratification by Plaintiffs or their agents.

48042/0003-17810374v4

## NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their own fraudulent conduct.

## TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, or must be reduced, based upon their failure to mitigate damages.

## ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their injuries were not caused by Klein.

## TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by res judicata or collateral estoppel.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel to the extent contradicted by statements or omissions by any of the parties to this action in the lawsuit pending in the United States District Court for the District of New Jersey, captioned *Alois Rupp et al. v. John H. Klein et al.* (Civil Action No. 2:17-cv-10055), and/or the lawsuit pending in the Court of Chancery of the State of Delaware, captioned *Cambridge Therapeutic Technologies, LLC v. John H. Klein* (Case No. 2019-0199-KSJM).

## FIFTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and estoppel.

54

## SIXTEENTH SEPARATE DEFENSE

Klein may be entitled to indemnification from others, including but not limited to Plaintiff Mark Adams, for all or part of any judgment recovered against Klein.

## DEMAND FOR JURY TRIAL

Klein demands a trial by jury on all claims so triable as to his Answer and Affirmative Defenses.

## AMENDED COUNTERCLAIMS

Defendant/Counterclaim Plaintiff John Klein, by his undersigned attorneys, incorporates his original Counterclaims [Docket No. 9] by reference and reasserts, realleges, reserves all rights with respect to all allegations and claims included therein.

Respectfully submitted,

**COLE SCHOTZ P.C.**

By: _/s/ Andrew L. Cole_
Andrew L. Cole (Bar No. 5712)
Bradley P. Lehman (Bar No. 5921)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
(302) 652-3131 (Phone)
(302) 652-3117 (Fax)

-and-

Steven R. Klein
Rachel A. Mongiello
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
(201) 489-3000 (Phone)
(201) 489-1536 (Fax)

*Counsel for Defendant John H. Klein*

Dated:  September 13, 2019

48042/0003-17810374v4